Ernest **THOMAS** and Fanny Stewart Sanders, Appellants,

v.

**INSURANCE COMPANY OF NORTH AMERICA**, Appellee.

**INSURANCE COMPANY OF NORTH AMERICA**, Appellant,

v.

Ernest **THOMAS** and Fanny Stewart Sanders, Appellees.

No. 23037.

United States Court of Appeals Fifth Circuit.

Dec. 16, 1966.

Rehearing Denied Jan. 20, 1967.

Charles E. McHale, Jr., New Orleans, La., for appellants.

Paul B. Deal, Carl J. Schumacher, Jr., New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

PER CURIAM.

This is a suit for damages and for wrongful death under Article 2315 of the revised Civil Code of Louisiana, for injuries and loss sustained by several plaintiffs in an automobile collision on March 10, 1962.

The case was tried to a jury, but at the close of the plaintiffs' evidence the trial judge directed a verdict of negligence against the defendant's insured, and found contributory negligence as a matter of law against the driver of the car, thus taking that issue away from the jury also. However, he ruled that the driver's contributory negligence could not be imputed to the other plaintiffs, and submitted the case to the jury on the issue of damages only as to them.

Plaintiffs-appellants contend that the Court erred in directing a verdict against the driver of the car, while defendant-appellee insists that the directed verdict against it was error. Each requests a remand, but they differ, of course, concerning the nature and extent of the new trial and the issues to be submitted to the jury.

We are convinced that the trial court erred in directing both verdicts, and that the ends of justice will be best served by remanding this case for a new trial as to all parties on every issue of liability and damages.

Since it is apparent that the errors complained of are fully understood by all parties and will not be repeated, no useful purpose could be served by a further elaboration of this opinion. This cause is, therefore, reversed and remanded to the trial court for further proceedings not inconsistent herewith.

Reversed and remanded.